# A. L. SINGER & COMPANY
## v.
## SAMUEL LIDWINOSKY.

*Attachment—Fraud—Evidence—Instructions.*

In attachment for the price of goods sold, it is held, that the instructions given, while some of them might have been more guarded in expression, were not as a series, erroneous; that defendant was not guilty of fraud in purchasing the goods from plaintiffs, or in his manner of disposing of them; and that newly discovered evidence insisted upon for a new trial was not sufficient.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Peoria County; the Hon. S. S. PAGE, Judge, presiding.

Messrs. H. C. FULLER and M. A. FULLER, for appellants.

Mr. GEO. B. FOSTER, for appellee.

UPTON, P. J.   This was an attachment proceeding by the appellants against the appellee, brought to recover $515, due appellants for goods sold to appellee in the summer of 1888.

The attachment was levied on December 22, 1888.   On the same day an assignment in due form was made by the appellee to Ernest Feiffer, as assignee, for the benefit of creditors, but this deed of assignment was not placed of record until after the levy of appellants' attachment upon appellee's goods and possession thereof was taken thereunder.

In the attachment proceedings the assignee, Feiffer, interposed an interplea, but subsequently withdrew it, and issue was taken upon the affidavit filed for the attachment.

The grounds for the attachment, set out in the affidavit and relied upon to sustain the same, were that the defendant therein (appellee) had, within two years prior to the issuing of the writ, fraudulently conveyed and assigned his effects, or a part thereof, so as to hinder and delay his creditors, and that he had also within that time fraudulently concealed or disposed of his property so as to hinder and delay his creditors, etc.

A trial was had upon the issues thus joined, in the Circuit Court, by a jury.

Verdict was returned finding for the appellee on the attachment issue, but upon the issue of the indebtedness found for the appellants in the sum of $527.90; and, after motion for a new trial had been overruled, judgment was entered on the verdict, from which an appeal was taken to this court, and the errors assigned, which are relied on for reversal upon argument before us, are :

1st.   That the trial court gave improper instructions for the defendant to the jury.

2d.   That the court erred in refusing appellants a new trial, and because,

3d.   The verdict and judgment are contrary to the law and the evidence.

First.   We have carefully read the several instructions given in this case for both the appellants and the appellee, as well as those given by the court on its own motion, and while

it may be true that some one or more of them might have been more guarded in expression, still we do not think they violate any principle of law, and, taken as a series together, we are unable to say that they did not state the law fairly, or that they are, taken as a series, erroneous, as applied to the facts of this case shown by the record before us.

Second.  The motion for a new trial, which was overruled by the trial court, was based upon all three of the grounds above stated, one of which is already disposed of, and the other two are so closely connected that they may be considered together without confusion.

The question of fraud is so largely a question of fact, and so peculiarly one for the jury, that upon that question, if it was fairly submitted to them, we should hesitate to disturb their finding, unless it was quite apparent that such finding was the result of prejudice or passion, or manifestly against the weight of the evidence in the case.

It is claimed in appellants' arguments that the appellee made purchases of goods and merchandise aggregating, in June and July, 1888, over the sum of $17,000, upon which payment was not due until December or January following such purchases, and that none of the bills were paid.

But it appears that the appellants had been for many years prior to 1888 engaged in mercantile pursuits in the city of Peoria, at which city both appellants and appellee resided and conducted business, but the volume of appellee's annual business, whether large or small, is not shown, nor does it appear, save by a vague inference (by referring to the fact in argument) that the amount of the purchases in June and July, 1888, of which complaint is made, was unusual or unnecessary in quantity to the business he was then conducting, or that the time of credit was unusual or unbusiness-like in the conduct of such mercantile pursuits, while the non-payment of that indebtedness is completely answered, without fraudulent implication, by appellants' attachment, and consequent general assignment for the benefit of creditors of the appellee, and before the maturity in great part of that indebtedness; and such assignment for such purpose, at the time and

under the circumstances, certainly can not be regarded as fraudulent.

It is further insisted that the appellee, at and during the time of making such purchases, was shipping goods and merchandise to his brother, Simon Lidwinosky, who was at the time conducting mercantile business, in a small way, in Delavan, Wis., and that such shipments of goods were fraudulent. The fact appears in evidence to be that appellee had, for several years prior to 1888, been in the habit of supplying his brother, who had been a peddler in a small way, with goods and merchandise. That in the year 1888 he sold his brother, in the regular way, goods to the amount of two or three thousand dollars in value; that those goods were entered upon the books of appellee by the clerk acting as his bookkeeper the same as all other goods sold; that there was nothing unusual about it; that for some of the goods so sold notes of his brother were given, which appellee assigned in payment of his own debts for money he had borrowed in conducting his business, and nothing appears but all the goods sold the brother were paid for. We can not say, from the evidence in this record, that the jury were not warranted in finding such sales made in good faith and without fraudulent purpose or intent.

It is further insisted that the trial court erred in not granting a new trial for newly discovered evidence; but that evidence, as set out, is not of a conclusive character or sufficient, as we think, to warrant us in the granting a new trial in the case. Nor does it sufficiently appear but that the appellants might, by the use of reasonable diligence, have discovered the claimed new testimony in time for hearing in the trial of the cause; and it was only cumulative, at most.

What has been said already disposes of the errors assigned or refused in the argument before us, and after a careful examination of the record, in view of the arguments of the counsel, we can not say that the trial court committed error in refusing a new trial, or that the jury were not warranted from the evidence in finding the verdict rendered in the case, or that such verdict, finding and judgment were so far erroneous as to warrant us in its reversal, and it must therefore be affirmed.                                    *Judgment affirmed.*